Case 2:11-cv-00016-JPH    Document 19    Filed 06/04/12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC GORDON SNYDER,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>      Defendant. | No. CV-11-16-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on May 18, 2012, ECF No. 12, 17. Attorney Gary R. Penar represents plaintiff; Special Assistant United States Attorney Kathryn A. Miller represents the Commissioner of Social Security (defendant). The parties have consented to proceed before a magistrate judge, ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment, **ECF No. 17.**

**JURISDICTION**

Plaintiff protectively applied for disability insurance benefits (DIB) and supplemental security income (SSI) benefits on April 4, 2008. Both allege disability beginning October 13, 2006 (Tr. 106-108). The applications were denied initially and on reconsideration (Tr. 47-50, 54-58).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                                  - 1 -

At a hearing before an Administrative Law Judge (ALJ) on September 2, 2009, plaintiff, represented by counsel, and a vocational expert testified (Tr. 23-42). On December 31, 2009, the ALJ issued an unfavorable decision (Tr. 11-20). The Appeals Council denied review on December 3, 2010 (Tr. 1-4), making the ALJ's decision the final decision of the Commissioner and appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 13, 2011, ECF No. 1, 4.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are very briefly summarized here.

Plaintiff was 32 years old at onset. He graduated from high school and worked as a janitor from 1992 until October 2006 (Tr. 26-27, 117). He stopped working because he "had a mental breakdown." Plaintiff's claim is based solely on mental limitations (Tr. 27, 116).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot,

considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not

disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir.1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985); *Tackett,* 180 F.3d at 1097 (9th Cir.1999). "The [Commissioner's] determination that a plaintiff is not disabled

will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir.1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir.1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir.1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir.1980)).

    It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir.1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting

evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.1987).

### ALJ'S FINDINGS

The ALJ found plaintiff's DIB insurance was effective through December 31, 2011 (Tr. 11, 13). At step one, he found plaintiff did not work at substantial gainful activity levels after onset (Tr. 13). At steps two and three, the ALJ found plaintiff suffers from depression and anxiety, impairments that are severe but do not medically meet or equal a listed impairment (Tr. 13-14). At step four, relying on a vocational expert, the ALJ found plaintiff could perform his past job as a janitor (Tr. 19). The step four finding was determinative. The ALJ found Mr. Snyder was not disabled as defined by the Social Security Act during the relevant period (Tr. 20).

### ISSUES

Plaintiff alleges the ALJ failed to credit treating source opinions. He alleges the ALJ's credibility assessment is flawed. And he alleges the RFC and step four finding are unsupported. ECF No. 13 at 11-21.

The Commissioner responds that the ALJ properly weighed opinion evidence and credibility, and plaintiff's latter allegations simply restate the first, that the ALJ failed to properly weigh medical opinions. ECF No. 18 at 7-21.

### DISCUSSION

**A. Weighing medical evidence - standards**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical

evidence consisting of signs, symptoms, and laboratory findings;
the claimant's own statement of symptoms alone will not suffice.
20 C.F.R. § 416.908. The effects of all symptoms must be evaluated
on the basis of a medically determinable impairment which can be
shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once
medical evidence of an underlying impairment has been shown,
medical findings are not required to support the alleged severity
of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir.
1991).

    A treating physician's opinion is given special weight
because of familiarity with the claimant and the claimant's
physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir.
1989). However, the treating physician's opinion is not
"necessarily conclusive as to either a physical condition or the
ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747,
751 (9th Cir.1989)(citations omitted). More weight is given to a
treating physician than an examining physician. *Lester v. Chater*,
81 F.3d 821, 830 (9th Cir.1995). Correspondingly, more weight is
given to the opinions of treating and examining physicians than to
nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592
(9th Cir.2004). If the treating or examining physician's opinions
are not contradicted, they can be rejected only with clear and
convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the
ALJ may reject an opinion if he states specific, legitimate
reasons that are supported by substantial evidence. *See Flaten v.
Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir.
1995).

    In addition to the testimony of a nonexamining medical

advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir.1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir.1995).

**B. Treating source opinions**

Plaintiff alleges the ALJ failed to give at least specific and valid reasons for rejecting the opinions of two treating doctors, ECF No. 13 at 11-16. Plaintiff alleges the ALJ failed to credit a GAF of 45 assessed by Matthew Layton, M.D., in May 2007, and a diagnosis of "severe double depression with schizotypal symptoms," in September 2008 by Tanya Keeble, M.D. (ECF No. 13 at 13, referring to Tr. 217-219 and 350-351).

The Commissioner answers that the ALJ summarized the facts and evidence and considered these opinions, as well as the opinion of examining psychologist Joyce Everhart, Ph.D. (ECF No. 18 at 8-10, 12-13).

The ALJ observes that the claimant's last employer, American Building Maintenance, said the claimant had good attendance, acceptable work, and was able to follow instructions. (Tr. 15, Ex. 5E/1). Dr. Everhart found test results did not suggest difficulty with executive functioning, attention, concentration and intellect were within normal limits, and persistence and pace were good. (Tr. 15; Ex. 11F/4, 7).

An ALJ may reject any medical opinion that is brief, conclusory, and inadequately supported by clinical findings, as

are the bulk of the records from Spokane Mental Health. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ opined plaintiff has (1) mild restrictions in activities of daily living; (2) moderate difficulties in social functioning; (3) mild difficulties in concentration, persistence or pace; and (4) has not experienced any episodes of decompensation of extended duration. He found the evidence fails to establish the presence of the "paragraph C" criteria (Tr. 15-16).

The evidence the ALJ relied on is specific and legitimate for purposes of weighing contrary treating opinions. There was no error.

**C. Credibility**

Plaintiff alleges the ALJ failed to give clear and convincing reasons for his credibility determination, ECF No. 13 at 16.

The Commissioner responds that the determination is free of error, ECF No. 18 at 15-19.

The ALJ found the objective medical evidence does not support the level of limitation claimed (Tr. 17). Mental health records begin in April 2007, six months after onset. Plaintiff reported he had depression all his life. During the fall of 2006 his symptoms felt worse than usual for about a month. This was when he quit his job. He reported shyness since childhood and had always experienced social problems. Yet, as the ALJ points out, plaintiff worked for 14 years as a janitor despite reportedly experiencing lifelong depression and social anxiety, and apparently quit his job after just one month of increased symptoms (Tr. 17, referring to Tr. 246).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 9 -

In May 2007, examiners Carl Bonner, M.D., and Matthew Layton, M.D., Ph.D., note plaintiff's concentration was good and his judgment intact, as the ALJ observes (Tr. 17, referring to Tr. 218). The ALJ, as noted, considered Dr. Everhart's psychological evaluation. These contradict plaintiff's assertion his memory and concentration are "bad" (Tr. 15, Ex. 4E/6).

Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir.2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993).

The ALJ found plaintiff less than credible based on his inconsistent statements, activities, and allegations unsupported

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 10 -

by clinical findings (Tr. 15-16).

The ALJ observes plaintiff's activities include caring for his own needs as well as those of his family, in particular since his wife allegedly suffers significant mental health limitations. (Tr. 15-16). The ALJ is correct. Plaintiff has had primary custody of his two children, ages eight and eleven, and his spouse has not always lived in the home. (Tr. 250). By the time of Dr. Everhart's examination in October 2009, plaintiff and his wife had three children (Tr. 377). He shops and uses public transportation, despite stating he cannot be around other people or leave his home (Tr. 16; Ex. 4E/4, 1F/9, and 11F/1).

The ALJ's reasons are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).

**E. RFC assessment and Step Four**

Plaintiff alleges the ALJ's RFC assessment fails to include all of his limitations, ECF No. 13 at 18-19, and the step four finding is inadequate, ECF No. 13 at 19-21.

This is restatement of plaintiff's argument that the ALJ improperly weighed the medical evidence.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial

evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g).

In hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir.2006). The ALJ's decision is supported by substantial evidence and free of legal error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17,** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12,** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 4th day of June, 2012.

                                s/ James P. Hutton
                                JAMES P. HUTTON
                      UNITED STATES MAGISTRATE JUDGE